296 F.2d 927
 Armand A. GUMPERT, Personally, and also Trading and Doing Business as Sightseeing With Gumbo, and also Trading and Doing Business as Gumbo Sightseeing Tours, and also Armand A. Gumpert and Richard J. Batt, Jr., A Partnership Trading and Doing Business as Sightseeing With Gumbo
v.
UNITED STATES.
 No. 361-59.
 United States Court of Claims.
 December 6, 1961.
 Rehearing Denied March 7, 1962.
 
 David W. Palmer, Panama City, Fla., for plaintiffs.
 Earl L. Huntington, Washington, D. C., with whom was Asst. Atty. Gen. Louis F. Oberdorfer, for defendant. Lyle M. Turner and Philip R. Miller, Washington, D. C., on the brief.
 LARAMORE, Judge.
 
 
 1
 This is a suit to recover amounts paid by the plaintiffs to the United States as excise tax on the transportation of persons in connection with the operation of a sightseeing business. Said tax was allegedly illegally and erroneously collected for the years 1953 to 1957.
 
 
 2
 For the purposes of this opinion, we shall treat the petitioners, Armand A. Gumpert and Richard J. Batt, Jr., as though they were a partnership for the period involved, and will hereinafter refer to petitioners as plaintiffs.
 
 
 3
 Throughout the period involved, plaintiffs were engaged in the business of operating sightseeing tours by means of limousines to various points of interest in the City of New Orleans, Louisiana. During this period plaintiffs paid excise taxes for each year involved, totaling $12,754.37. In 1957, plaintiffs ceased paying this excise tax on the assumption that the tax was imposed illegally and erroneously. This suit is the culmination of plaintiffs' efforts to have returned to them the tax collected from them for the years in dispute.
 
 
 4
 The pertinent sections of the Internal Revenue Code of 1954, 26 U.S.C.A., under which part of the tax collected was imposed, state:[1]
 
 
 5
 "§ 4261. Imposition of tax.
 
 
 6
 "(a) Amounts Paid Within the United States. — There is hereby imposed upon the amount paid within the United States for the transportation of persons by rail, motor vehicle, water, or air within or without the United States a tax equal to 10 percent of the amount so paid.
 
 
 7
 * * * * * *
 
 
 8
 "§ 4262.* Exemptions.
 
 
 9
 * * * * * *
 
 
 10
 "(b) Commutation travel, etc. — The tax imposed by section 4261 shall not apply to amounts paid for transportation which do not exceed 35 cents, to amounts paid for commutation or season tickets for single trips of less than 30 miles, or to amounts paid for commutation tickets for one month or less.
 
 
 11
 "(c) Small vehicles on nonestablished lines. — The tax imposed by section 4261 shall not apply to transportation by motor vehicles having a passenger seating capacity of less than ten adult passengers, including the driver, except when such vehicle is operated on an established line."
 
 
 12
 Hence it is the contention of the plaintiffs that their enterprise falls within the exemption granted by section 4262 (c), and consequently it follows that the tax should not be imposed. The plaintiffs contend that the services furnished by them were not subject to the transportation tax because (1) the statutes do not impose any tax on "sightseeing," (2) their limousines were not operated on an "established line," (3) the cost of the transportation element of the tour amounted to less than 60 cents per fare (§ 4262(b) was amended by Act of Aug. 7, 1956, which substituted "60" for "35" cents), and (4) the doctrine of estoppel should be applied in their favor.
 
 
 13
 Whatever merit may lie in plaintiffs' contentions is not now considered by the court, because we are of the opinion that it is not only unnecessary to consider these issues, but inappropriate to do so. It is our view that plaintiffs have failed in their burden to show that they have a proper standing to bring this suit. Sections 3471 and 6415 of the 1939 and 1954 Internal Revenue Codes, respectively,[2] allow a collector of the tax to seek a refund thereof only if he establishes that he has repaid the amount of such tax to the person from whom he collected it, or has obtained the consent of such person to the allowance of the credit or refund. However, plaintiffs do not allege that they made a refund to their passengers of the transportation taxes involved, or that they have obtained the consent of the passengers to the allowance of the refund sought in this suit. They admit that they have not complied with either of these provisions; instead they argue that these provisions are inapposite to their situation because they paid the tax themselves instead of collecting the tax from their passengers, hence plaintiffs contend that they bore the economic burden and are entitled to relief. In support of their position, plaintiffs cite Abbott et al. v. United States, Cong. No. 5-57, decided July 13, 1959, Ct.Cl., 175 F.Supp. 917, wherein it was held that taxpayers were entitled to a refund on the theory that they had borne the economic burden of the tax where it was found as a fact that taxpayers had paid the tax out of their own pockets. However, the only evidence in the instant case that plaintiffs have borne the economic burden of the tax is a naked allegation by the plaintiffs that they carried the tax as an expense of doing business, hence they paid the tax. The evidence does not substantiate this contention. It was shown (1) that the basic ticket price was $4 or $5 plus 10 percent or 15 percent depending on the appropriate amount of the excise tax rate currently then in effect; (2) that the price of the ticket changed with a corresponding change in the tax rate; and (3) that the tour tickets themselves reflected the tax, in that there was a place for the price of the tour and a place for the amount of the tax. Where an operator is performing a service that is subject to a tax, and that tax is a flat percentage of the cost of the service, it is reasonable to presume that the cost of the service is increased by the amount of the tax. This is a rebuttable presumption, to be sure, but the burden is on the entrepreneur to show that he paid the tax out of his own pocket rather than to have passed this expense on to the customer. It is an unusual situation where a successful businessman, fully aware that his enterprise is being taxed at the rate of 10 or 15 percent, pursuant to which he files tax returns and actually pays the amount of the tax to the Government, would fail to include the cost of the tax when determining the price he would charge his customers. If he has passed this expense on to his customers, then he does not have the proper standing to maintain this action. This, in our view, is what the plaintiffs did in the instant case. However, as plaintiff urges, there is authority that the plaintiff is entitled to recover, even though he had not borne the economic burden of the tax, where the tax is illegally assessed. 123 East Fifty-Fourth Street, Inc. v. United States, D.C., 62 F.Supp. 488 (1945). In that case the court expressly stated that it would like to deny recovery on the ground that the plaintiff would be unjustly enriched because it had passed the tax on to its customers, but felt constrained not to do so in the absence of a statute limiting the right to recovery. The court stated at page 492:
 
 
 14
 "I am aware that the plaintiff will receive a windfall and that the result is objectionable, but it is not the function of the court to insert something into the statute which the Congress has not placed there. Perhaps the omission was an oversight. If so, the remedy is with the legislative branch, * * *."
 
 
 15
 We are not faced with that problem here, as Congress saw fit by statute to limit the right to recovery in order to preclude what would otherwise result in unjust enrichment.[3]
 
 
 16
 Therefore, plaintiffs must show by the weight of the evidence that they have complied with the provisions of the statute, which admittedly plaintiffs have not done, or that they have borne the economic burden of the tax, which in this instance plaintiffs have failed to show.
 
 
 17
 Since it is our view that plaintiffs have neither borne the economic burden of the tax, nor refunded the amounts collected to their customers, nor obtained consents from those who did bear the burden, the conclusion is clear that plaintiffs are without standing to sue, and the petition will be dismissed.
 
 
 18
 It is so ordered.
 
 
 19
 DARR, Senior District Judge, sitting by designation, JONES, Chief Judge and DURFEE and WHITAKER, Judges, concur.
 
 
 
 Notes:
 
 
 [1]
 The pertinent provisions under the Internal Revenue Code of 1939, § 3469, 26 U.S.C.A. § 3469, are essentially similar
 
 
 *
 Now 26 U.S.C.A. § 4263(a, b)
 
 
 [2]
 "§ 3471. Refunds and credits
 "(a) Credit or refund of any overpayment of tax imposed by Subchapter B, Subchapter C, or Subchapter E may be allowed to the person who collected the tax and paid it to the United States if such person establishes, to the satisfaction of the Commissioner, under such regulations as the Commissioner with the approval of the Secretary may prescribe, that he has repaid the amount of such tax to the person from whom he collected it, or obtained the consent of such person to the allowance of such credit or refund."
 "§ 6415. Credits or refunds to persons who collected certain taxes
 "(a) Allowance of credits or refunds. — Credit or refund of any overpayment of tax imposed by section * * * 4261, * * * may be allowed to the person who collected the tax and paid it to the Secretary or his delegate if such person establishes, under such regulations as the Secretary or his delegate may prescribe, that he has repaid the amount of such tax to the person from whom he collected it, or obtains the consent of such person to the allowance of such credit or refund."
 
 
 [3]
 See sections 3471 and 6415 of the 1939 and 1954 Internal Revenue Codes, respectively, supra